# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JEFFERY GRAY, | ) | |
|        Plaintiff, | ) | |
| vs. | ) | 2:13-cv-00901-RCJ-VCF |
| WARM SPRINGS CORRECTIONAL CENTER et al., | ) | **ORDER** |
|        Defendants. | ) | |

This is a prisoner civil rights action pursuant to 42 U.S.C. § 1983. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Jeffery Gray is a prisoner at Southern Desert Correctional Center in Indian Springs, Nevada who complains of injuries allegedly received while incarcerated at Warm Springs Correctional Center ("WSCC") in Carson City, Nevada. (Compl. 1–2, May 22, 2013, ECF No. 1). Plaintiff alleges that on May 23, 2011, four unidentified officers at WSCC ordered him to walk down a flight of stairs unassisted while his hands and feet were shackled, with deliberate indifference to the serious risk of harm presented, and that Plaintiff fell and injured himself. (*See id.* 3–4).

Plaintiff has filed a Motion to Proceed in Forma Pauperis (ECF No. 3) and lodged a Complaint against WSCC and four "Doe" defendants in this Court, alleging due process and equal protection claims under the Fourteenth Amendment, as well as an Eighth Amendment

claim, under a single count. The Court perceives the claim as a deliberate indifference claim under the Eighth and Fourteenth Amendments.

## II.  LEGAL STANDARDS

### A.  Screening

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)–(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

1 that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule
2 12(b)(6) tests the complaint's sufficiency.  *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578,
3 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to
4 state a claim, dismissal is appropriate only when the complaint does not give the defendant fair
5 notice of a legally cognizable claim and the grounds on which it rests.  *See Bell Atl. Corp. v.*
6 *Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a
7 claim, the court will take all material allegations as true and construe them in the light most
8 favorable to the plaintiff.  *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The
9 court, however, is not required to accept as true allegations that are merely conclusory,
10 unwarranted deductions of fact, or unreasonable inferences.  *See Sprewell v. Golden State*
11 *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with
12 conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is
13 plausible, not just possible.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).
14 "Generally, a district court may not consider any material beyond the pleadings in ruling on a
15 Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint
16 may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19
17 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a
18 complaint and whose authenticity no party questions, but which are not physically attached to the
19 pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting
20 the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454
21 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice
22 of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir.
23 1986).
24        Finally, all or part of a complaint filed by a prisoner may be dismissed sua sponte if the
25 prisoner's claims lack an arguable basis in law or in fact.  This includes claims based on legal

conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**B.     Exhaustion**

"The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)).  A prison system's own requirements "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).  The Nevada Department of Corrections ("NDOC") utilizes a three-stage grievance procedure: an informal grievance, a first level grievance, and a second level grievance. *See* NDOC Admin. Reg. 740 (Inmate Grievance Procedure), *available at* http://www.doc.nv.gov/ar/pdf/AR740.pdf.

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001).  Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 739–40 n.5).  Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741.  The Supreme Court has strictly construed section 1997e(a). *Id.* at 741 n.6 ("We will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

The failure to exhaust administrative remedies as required by § 1997e(a) is an affirmative defense, and a defendant bears the burden of raising and proving that the plaintiff has not exhausted. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003), *cert denied*, 540 U.S. 810 (2003).  However, if the affirmative defense of non-

exhaustion appears on the face of the complaint, a defendant need not provide evidence showing non-exhaustion. *See Jones*, 549 U.S. at 215.  Failure to exhaust is treated as a matter in abatement, not going to the merits of the claim, and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt*, 3154 F.3d at 1119.  The court may look beyond the pleadings and decide disputed issues of fact without converting the motion into one for summary judgment. *Id.*  "[I]f the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1119–20.

For the purposes of screening, the Court will assume all claims have been exhausted.  The Court will not more closely examine the issue unless some claims survive screening and Defendants file motions alleging non-exhaustion of the surviving claims.

### III.   ANALYSIS

To constitute cruel and unusual punishment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Prison officials may be held liable only if they act with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *id.* at 835).  Courts apply a conjunctive, two-part test to determine "deliberate indifference."  First, the alleged deprivation must be objectively "sufficiently serious." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837.  Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 835.

As a prison facility under the State's control, of course, the State must provide

1   appropriate medical services for any injury suffered during incarceration.  But the State cannot be
2   held liable for the fact of such injury under § 1983.  Nor could any particular Doe defendant be
3   held liable under current law and immunity standards for requiring a prisoner to ascend or
4   descend stairs with leg chains. *See Farmer* 511 U.S. at 836–38 (holding that the "recklessness"
5   required to show "deliberate indifference" is more than mere negligence, requiring knowledge
6   and disregard of an "excessive risk" of harm).  Plaintiff pleads no facts indicating that any
7   defendant was aware of an excessive risk that Plaintiff would fall down the stairs, e.g., based
8   upon past incidents.  And shackling a prisoner for officer safety, even though the risk of tripping
9   naturally increases, is not "deliberate indifference" under the Eighth Amendment. *See LeMaire v.*
10  *Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (holding that it is not deliberate indifference to
11  require an inmate to shower on slippery floors while shackled).  The claim, as pled, is a claim of
12  simple negligence.  If the claim were determined on the merits, Defendants would almost
13  certainly be entitled to qualified immunity, as it is not clear under the law that requiring a
14  prisoner to walk down stairs while shackled, without more, constitutes deliberate indifference.

15          But the Court does not reach the merits in this case.  The dispositive question is whether
16  Plaintiff may proceed against Doe defendants at all.  Generally, the answer in federal court is
17  "no."  The Court of Appeals has ruled that unless it would be futile, a plaintiff should be given an
18  opportunity to conduct limited discovery to discover the identity of Doe defendants where the
19  claims against them are otherwise sufficient. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163
20  (9th Cir. 1999).  In the present case, however, such a procedure would be futile.

21          Plaintiff filed the Complaint on May 22, 2013, one day before Nevada's two-year statute
22  of limitations for personal injury actions ran. *See* Nev. Rev. Stat. § 11.190(4)(e).  The § 1983
23  claim was therefore timely filed. *See McDougal v. Cnty. of Imperial*, 942 F.2d 668, 672 (9th Cir.
24  1991) (citing *Wilson v. Garcia*, 471 U.S. 261, 279–280 (1985) (holding that the statute of
25  limitations for § 1983 claims is that for personal injury claims under the law of the state where

the injury occurs)).  Plaintiff's claims against any defendant now joined and served will only relate back to the date of the Complaint, however, if such a defendant had or obtains notice of the present action within the time for service under Rule 4(m) such that his defense will not be prejudiced and if he knew or should have known that he would have been named but for a mistake in name. *See* Fed. R. Civ. P. 15(c)(1)(C).  Rule 15(c)(1)(C) cannot avail Plaintiff here, because the naming of an unknown defendant as a "Doe" defendant is not a "*mistake* concerning the proper party's identity" under Rule 15(c)(1)(C)(ii), but rather a knowing misidentification that does not fall within the relation back rule. *E.g.*, *Jacobsen v. Osbourne*, 133 F.3d 315, 320–21 (5th Cir. 1998); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995). Therefore, *Wakefield* discovery would be futile in this case, because Plaintiff cannot invoke Rule 15(c)(1)(C) to avoid the statute of limitations as to the Doe defendants.  The prison itself is not amenable to suit, because as an arm of the State of Nevada, it is not a "person" under § 1983.

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk shall file the Complaint.

IT IS FURTHER ORDERED that the Complaint is DISMISSED.

IT IS FURTHER ORDERED that the Motion to Proceed in Forma Pauperis (ECF No. 3) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Extend Time (ECF No. 2) is DENIED as moot.

IT IS SO ORDERED.

Dated this 3rd day of September, 2013.

_____
ROBERT C. JONES
United States District Judge